# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE WHITESIDES,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WARDEN,<br><br>　　　　Respondent. | Case No.  8:25-cv-0348-MRA-RAO<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, Dkt. No. 1; Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus, Dkt. No. 13; Petitioner's Opposition to Respondent's Motion to Dismiss, Dkt. No. 17; Report and Recommendation of United States Magistrate Judge issued on July 8, 2025 ("Report"), Dkt. No. 19; Petitioner's Objections to the Report, Dkt. No. 22; and all of the records and files herein.

　　　　The Report recommends denial of the Petition as untimely. (Dkt. No. 19.) The Court has conducted a *de novo* review of those portions of the Report to which Petitioner has objected and is not persuaded by the Objections.  Petitioner's objections (Dkt. No. 22) do not merit any change to the Report's findings or recommendations.

Petitioner objects that the untimeliness of his Petition should be excused because new evidence demonstrates his actual innocence. (Dkt. No. 32 at 1-5.) A gateway claim of actual innocence must be based on "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The prisoner then must show that, in light of the new evidence, "no reasonable juror would have found [him] guilty." *Id*. at 329. Here, Petitioner alleges the existence of new evidence purporting to undermine the accounts of the victim and witnesses. The victim, Kimberly M., allegedly accused other men of rape, had a history of making false reports to the police, had a criminal record, and was disbelieved by her roommate. (Dkt. No. 32 at 1-2.) Other witnesses, Kelly H. and Amy D., allegedly committed perjury. (*Id*. at 2.)

These allegations fail to show this is an "extremely rare" case that qualifies for the exception. *See Schlup*, 513 U.S. at 321. The alleged evidence, assuming it exists and is new, falls short of the standard. Evidence that would undermine the victim's credibility, such as her alleged history of falsehoods or criminal history, would be insufficient to show actual innocence. *See Calderon v. Thompson*, 523 U.S. 538, 563 (1998) (impeachment evidence is insufficient to establish actual innocence because it "is a step removed from evidence pertaining to the crime itself") (*citing Sawyer v. Whitley*, 505 U.S. 333, 348 (1992)); *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002) ("[S]peculative and collateral impeachment falls far short of showing actual innocence."). Evidence of perjury by other witnesses also would be insufficient, because such evidence would not undermine the victim's central account of the sexual assault. *See Sistrunk v. Armenakis*, 292 F.3d 669, 675 (9th Cir. 2002) (*en banc*) ("[E]ven if we were to accept [Petitioner's] argument that the evidence of falsity and bias thoroughly compromises the bolstering effect of [the witness's] testimony, it does nothing to discredit the victim's account of the rape, which was central to establishing guilt.").

Accordingly, the Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge contained in the Report.

IT IS ORDERED that the Petition is denied, and Judgment shall be entered dismissing this action with prejudice.

DATED: September 30, 2025

MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE